IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONICA GARZA, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 1:17-cv-00686-SS |
| § | |
| TEXAS DEPARTMENT OF AGING § | |
| AND DISABILITY SERVICES d/b/a AUSTIN § | |
| STATE SUPPORTED LIVING CENTER, § | |
|     *Defendant.* | |

**Defendants' Opposed Motion to Stay Discovery**

**TO THE HONORABLE JUDGE SAM SPARKS:**

**NOW COME** Defendants Texas Department of Aging and Disability Services[1] ("Defendant" or "DADS") and Austin State Supported Living Center ("ASSLC") who hereby file their Motion to Stay Discovery seeking to stay discovery until the Court resolves Defendants' Motion to Dismiss based on the incurable jurisdictional defects of sovereign immunity and Plaintiff's failure to state a claim. In support, Defendants respectfully submit the following for consideration by this honorable Court:

## I. BACKGROUND

On June 20, 2017, Plaintiff filed Plaintiff's Original Petition and Request for Disclosures seeking monetary damages in connection with the alleged

---

[1] In 2015, the Texas Legislature passed legislation to reorganize parts of the five existing Health and Human Services agencies into the Texas Health and Human Services Commission ("HHSC"). TEX. S.B. 200, 84TH LEG., R.S. (2015). On September 1, 2017, DADS will cease to be a state agency as the transfer of agency operations to HHSC will be complete.

discrimination and retaliation she suffered before voluntarily quitting her job. On August 24, 2017, Defendants' filed their Motion to Dismiss seeking dismissal of Plaintiff's claims as a matter of law based on sovereign immunity and Plaintiff's failure to state a claim, which involve threshold jurisdictional issues.

On August 23, 2017, Defendants' counsel conferred on the phone with Plaintiff's counsel, hoping to reach a Rule 11 Agreement to stay discovery until the Court rules on Defendant's Motion, since the issues in the Motion are dispositive and added discovery will not change the merits of the Motion. Plaintiff's counsel did not agree to Defendants' request, and as such, Defendants now file their opposed Motion to Stay Discovery.

For the reasons stated herein, Defendants' Motion should be granted.

## II. ARGUMENT AND AUTHORITY

**A.   Plaintiff's Claims Are Barred by Sovereign Immunity And Failure to State a Claim, and thus, Discovery is Unnecessary and Should Be Stayed**

Defendants have timely raised jurisdictional challenges to Plaintiff's claims and it is clear that, as a matter of law, Defendants' Motion is meritorious and should be granted. For this reason, it would be an imprudent, unnecessary and an inefficient use of time and resources to allow the parties to conduct time consuming and costly discovery on claims that are jurisdictionally barred. *See City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750,

753 (Tex.App.-Austin 1998, no pet.) (noting high cost of defending suit against governmental entity is ultimately borne by public, providing motivation for allowing any jurisdictional issue to be resolved before merits of suit are litigated); *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.*, 35 S.W.3d 772, 773-74 (Tex.App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.) (the policy reasons for providing an interlocutory appeal from an order granting or denying a plea to the jurisdiction is the State should not have to expend resources in trying a case on the merits if it is immune from suit).

A trial court has broad discretion to schedule and define the scope of discovery. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex.1999) (orig.proceeding). Here, the trial court would not be abusing its discretion by ordering a stay of discovery. To the contrary, because jurisdictional matters have been raised, the Court has very good reason to order a stay of discovery.

Discovery will not change the material argument in Defendants' Motion to Dismiss. Namely, that Plaintiff's claims against DADS should be dismissed because: (1) Garza's FMLA and ADA claims against the state agency are barred by the Eleventh Amendment; (2) Garza has failed to allege specific facts to state a plausible claim for relief against DADS for her two discrimination claims—one, discrimination based on disability; and two, retaliation against her based on her disability; (3) the alleged change in Garza's job duties was not an adverse employment action by DADS.

Moreover, there is no discovery that Plaintiff could obtain that would defeat Defendant's Motion, since it asserts incurable jurisdictional defects in Plaintiff's case. This motion is not submitted for purposes of delay, but rather so that State and party resources are not unnecessarily expended.

### III. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that their Motion to Stay Discovery be granted thereby staying discovery pending resolution of its pending Motion to Dismiss. Defendant requests all other relief to which they are justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Division Chief - General Litigation

*/s/ Daniel Abrahamson*
Daniel Abrahamson
Assistant Attorney General
Texas Bar No. 24082598
Office of the Attorney General
P.O. Box 12548, Capitol Station

>Austin, Texas 78711-2548
>Phone: 512-463-2120
>Fax: 512-320-0667
>Daniel.Abrahamson@oag.texas.gov

## CERTIFICATE OF SERVICE

    I certify that on August 24, 2017, a true and correct copy of the foregoing document was electronically filed. Notice of this filing will be sent to Plaintiff's counsel Dennis Richard and all other counsel of record by operation of the Court's Electronic Filing System.

>*/s/ Daniel Abrahamson*
>Daniel Abrahamson