IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



MONICA GARZA,
    **Plaintiff,**

-vs-                       Case No. A-17-CA-686-SS

TEXAS DEPARTMENT OF AGING AND
DISABILITY SERVICES d/b/a AUSTIN STATE
SUPPORTED LIVING CENTER,
    **Defendant.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Texas Department of Aging and Disability Services (DADS) d/b/a Austin State Supported Living Center (ASSLC) (collectively, Defendant)'s Motion to Dismiss and Motion for Judgment on the Pleadings [#5] and Plaintiff Monica Garza (Plaintiff)'s Response [#7] in opposition.[1] Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case features an employment dispute. A former employee of Defendant, Plaintiff alleges she was constructively discharged because of her disability, in retaliation for complaints she made,

---

[1] Defendant's Motion to Stay Discovery [#6] is also pending before the Court. However, because the Court denies Defendant's motion to dismiss below, the Court dismisses the motion for a more definite statement as moot.

and because she took leave under the Family Medical Leave Act (FMLA). Removal Notice [#1-5] Ex. 5 (Pet.) at 2–3.[2]

Plaintiff began working for Defendant in October 2014 as a nurse scheduler. *Id.* at 3. In November 2015, Plaintiff ruptured a calf muscle and pursued FMLA leave to obtain treatment for the injury. *Id.* According to Plaintiff, Chief Nurse Executive Sharon Price (Price) criticized Plaintiff for taking FMLA leave.[3] *Id.* In addition, Plaintiff's coworker, who Plaintiff characterizes as her FMLA contact, advised Plaintiff she "needed to look for employment" because Price was "out for [Plaintiff's] job," angry Plaintiff used FMLA leave, and "would not stop until she had [Plaintiff]'s job." *Id.*; Mot. Dismiss [#5] at 2. In response, Plaintiff complained to a "Human Resources Consultant" and "the Civil Rights Office."[4] *Id.*

On January 7, 2016, Plaintiff's doctor approved her return to work subject to certain restrictions. *Id.* at 3–4. However, Price refused to allow Plaintiff to work with restrictions. *Id.* at 4. Plaintiff therefore obtained a full work release from her doctor, against the doctor's advice. *Id.* When back at work, Plaintiff alleges she was subjected to "constant harassment perpetrated by Price." *Id.*

A few months later, Price informed Plaintiff she was being removed from the nurse scheduler position and placed in a direct care position. *Id.* Plaintiff had not completed the training necessary for a direct care position. *Id.* Four days later, on March 8, 2016, Plaintiff alleges she was constructively discharged. *Id.* at 3.

---

[2] Defendant's exhibit 5 to its notice of removal is a collection of the state court pleadings in this case. For clarity, when citing to a specific document from the state court pleadings, the Court will reference the title of the document but cite the CM/ECF page numbers.

[3] Neither party explains Price's relationship to Plaintiff.

[4] It is unclear whether the Human Resources Consultant and the Civil Rights Office are affiliated with Defendant, have a supervisory role over Defendant, or are completely independent from Defendant.

On June 20, 2017, Plaintiff filed this suit in Texas state court, alleging Defendant violated the Americans with Disabilities Act As Amended (ADAAA), the FMLA, and the Texas Commission on Human Rights Act (TCHRA). *Id.* at 1–3. In particular, Plaintiff claims Defendant unlawfully discriminated and retaliated against her because she had a disability and because she complained about Defendant's unlawful conduct. Additionally, Plaintiff asserts Defendant interfered with and retaliated against her exercise of FMLA rights.

Asserting federal question jurisdiction, Defendant removed the case to this Court on July 19, 2017. *See* Removal Notice [#1].

## Analysis

Defendant now moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for judgment on the pleadings under Rule 12(c). Mot. Dismiss [#5] at 1. Although Defendant does not clearly differentiate the two motions, the Court first examines Defendant's motion to dismiss before turning to its motion for judgment on the pleadings.

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Legal Standard

A motion under Rule 12(b)(1) asks a court to dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). Motions to dismiss under Rule 12(b)(1) challenge a court's "very power to hear the case," and the court may therefore "weigh the evidence and satisfy itself" subject matter

jurisdiction exists. *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (internal quotation marks omitted).

**B.      Application**

Defendant argues the Court lacks subject matter jurisdiction because "[t]he Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits against non-consenting states." Mot. Dismiss [#5] at 4. DADS, and therefore ASSLC, is a Texas agency. *See* Tex. Gov't Code § 531.001(4)(A) (indicating DADS is an agency of the Texas Health and Human Services Commission). Consequently, according to Defendant, it is immune from suit under the Eleventh Amendment and has not waived this right. Mot. Dismiss [#5] at 4–8. The Court disagrees.

The Fifth Circuit has expressly recognized "a state's prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit for purposes of waiver or relinquishment." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005), *reh'g denied with opinion* 454 F.3d 503 (2006) (en banc). Relevant here, "Texas recognizes two separate forms of sovereign immunity: immunity from suit and immunity from liability." *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550, 553 (5th Cir. 2013) (citing *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006)).

"[W]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity." *Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006) (en banc) (clarifying its earlier holding but denying the petition for rehearing ). Because of that waiver, a state may not assert state sovereign immunity "to defeat federal jurisdiction . . . ." *Id.* Nevertheless, despite waiving its immunity from

suit, a state may continue to assert its state sovereign immunity as a defense to liability on the merits of the causes of action pleaded. *See Kelley v. Papanos*, No. CIV.A. H-11-0626, 2012 WL 208446, at *3 (S.D. Tex. Jan. 24, 2012) (applying *Meyers*, 454 F.3d at 504 (en banc)).

Here, Defendant removed the action to this Court, waiving its immunity from suit. Therefore, the Court denies the motion to dismiss for lack of subject-matter jurisdiction.

## II. Motion for Judgment on the Pleadings

### A. Legal Standard

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed—but early enough not to delay the trial—any party may move for judgment on the pleadings." "A motion brought pursuant to [Rule 12(c)] is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (internal citations omitted).

In the Fifth Circuit, a Rule 12(c) motion is subject to the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). Thus, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Great Plains Tr. Co.*, 313 F.3d at 312 (citation and internal quotation marks omitted).

### B. Application

Even though Defendant failed to explicitly indicate the grounds supporting its motion for judgment on the pleadings, the Court construes Defendant's bases for judgement on the pleadings

as follows: (1) Defendant has not waived immunity from liability and (2) Plaintiff failed to plead sufficient facts to establish her TCHRA claims. Because the Court finds Defendant is immune from Plaintiff's federal claims, the Court declines to exercise jurisdiction over Plaintiff's state law claims. The Court therefore does not address whether Plaintiff pled sufficient facts to support her TCHRA claims.

Waiver of immunity from suit "does not affect or limit the State's ability to assert whatever rights, immunities, or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts." *Meyers*, 454 F.3d at 504 (en banc). Rather, "the question of waiver of immunity from liability is governed by state law." *Carty*, 733 at 554–55 (5th Cir. 2013) (citing *Meyers*, 410 F.3d at 253). Thus, Defendant's waiver of immunity from suit in federal court does not determine whether Defendant waived immunity from liability. Defendant's immunity from liability depends on whether Texas unequivocally waived immunity from specific claims. The Court therefore examines whether Texas has waived immunity from liability on the merits for Plaintiff's claims.

Turning first to Plaintiff's federal claims under the ADAAA and FMLA, this Court finds no waiver of liability upon review of Texas law and Plaintiff has pointed to any such waiver.[5] *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 202 (Tex. 2010) (holding Texas cannot be sued under the FMLA's self-care provision because Congress did not validly abrogate the States' immunity in enacting that section of the FMLA); *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002) ("The Texas Labor Code, however, does not contain a clear and

---

[5] Defendant only argues Congress has not validly abrogated the states' immunity from suit by private individuals for ADAAA and FMLA claims. See Mot. Dismiss [#5] at 5–7. But this argument does not answer whether Texas law waived immunity from liability for ADAAA and FMLA claims.

unequivocal waiver of immunity from suit with respect to the ADA, a distinct federal statute."). Consequently, the Court finds Plaintiff's claims under the ADAAA and FMLA are barred by Defendant's immunity from liability.

Second, although Defendant does not explicitly address whether immunity from liability bars Plaintiff's TCHRA claims, Plaintiff asserts Texas waived its immunity from liability under the TCHRA. *See* Mot. Dismiss [#5]; Resp. Mot. Dismiss [#7] at 6. The Court agrees with Plaintiff: In general, Texas has unambiguously waived its immunity from liability under the TCHRA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) (*Mission I*) (holding Texas waived sovereign immunity for TCHRA claims).

Even though Texas waived objections to jurisdiction for TCHRA claims, it does not change the fact the TCHRA claims are wholly state claims. Instead, having found Defendant is entitled to immunity on Plaintiff's federal claims, the Court now declines to exercise supplemental jurisdiction over the TCHRA claims, the only remaining claims in this suit. *See* 28 U.S.C. § 1367 (stating that a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction).

**Conclusion**

In sum, the Court finds Defendant waived its immunity from suit by removing this case to federal court. Despite that waiver, Defendant is still shielded from immunity from liability on the pleaded claims. The Court grants judgment in Defendant's favor on the federal claims. And, although Texas waived its immunity from liability for TCHRA claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under the TCHRA.

Accordingly:

IT IS ORDERED that Defendant Texas Department of Aging and Disability Services d/b/a Austin State Supported Living Center's Motion to Dismiss and Motion For Judgment on the Pleadings [#5] is DENIED IN PART and GRANTED IN PART as described within this opinion;

IT IS ORDERED, ADJUDGED, and DECREED that the Plaintiff Monica Garza TAKE NOTHING in this cause against Texas Department of Aging and Disability Services d/b/a Austin State Supported Living Center in her claims under the ADAAA and the FMLA;

IT IS FURTHER ORDERED that Plaintiff Monica Garza's cause of action under the TCHRA is DISMISSED without prejudice to refiling in the state court; and

IT IS FINALLY ORDERED that Defendant Texas Department of Aging and Disability Services d/b/a Austin State Supported Living Center's Motion to Stay Discovery [#6] is DENIED as moot.

SIGNED this the 16th day of October 2017.

                                                                          *Sam Sparks*
                                                                          SAM SPARKS
                                                                          UNITED STATES DISTRICT JUDGE